THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ILHAME AZZIZ,
        Plaintiff

V.

MICHAEL CHERTOFF, as Secretary of the Department Homeland Security; EDUARDO AGUIRRE, as Director of the U.S. Citizenship & Immigration Services; DENIS C. RIORDAN, District Director of the U.S. Citizenship & Immigration Services for Boston, Massachusetts
        Defendants

CIVIL ACTION FILE NO.

05cv10751 NMG

MAGISTRATE JUDGE Sorokin

RECEIPT # 63547
AMOUNT $ 250
SUMMONS ISSUED Y-3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 4-14-05

## COMPLAINT REVIEW OF DENIAL OF NATURALIZATION

NOW comes Ilhame Azziz, plaintiff in the above-captioned matter and hereby state as follows:

1. This action is brought against the Defendants to review de novo, an unlawful and an improper denial of an application for naturalization filed with the Office of the Attorney General, through the Department of Homeland Security and the U.S. Citizenship & Immigration Services (formerly Bureau of Citizenship & Immigration Services or Immigration & Naturalization Service of the Department of Justice).

PARTIES

2. The Plaintiff, Ilhame Azziz, a resident of Massachusetts, is native and citizen of Morocco and a legal permanent resident of the United States, who filed an application for naturalization that was denied by the U.S. Citizenship & Immigration Services (formerly known as Bureau of Citizenship & Immigration Services (BCIS) formerly the Immigration & Naturalization Service).

3. The Defendant, Michael Chertoff, is the Secretary of the Department Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security and the Department of Justice. 8 USC §1103(a). More specifically, the Secretary of the Department Homeland Security is responsible for the adjudication of applications for naturalization filed pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Service is an agency within the Department of Homeland Security to whom the authority has in part been delegated, and is subject to the Secretary of the Department Homeland Security's supervision.

4. The Defendant, Eduardo Aguirre, Director is an official of the U.S. Citizenship &

Immigration Services (USCIS) generally charged with supervisory authority over all operations of the USCIS. As will be shown, the Defendant Acting Director is the official under whose supervision and control the Plaintiff's application for naturalization was adjudicated.

5. The Defendant, Denis C. Riordan, District Director is an official of the U.S. Citizenship & Immigration Services generally charged with supervisory authority over all operations of the BCIS within his District with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B). As will be shown, Defendant District Director is the official whose office has been processing various parts of the Plaintiff's application for naturalization that was properly filed.

## JURISDICTION

6. Jurisdiction in this case is proper under INA Section 310(c). According to said statute judicial review is available the plaintiff whose application for naturalization, after a hearing before an immigration officer under INA Section 336(a), may seek review of such denial before this court in accordance with chapter 7 of title 5, United States Code [5 USC §§701 et seq.].

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant is located and performs his official duties.

## CAUSE OF ACTION
### De Novo Review of Denial of Naturalization

8. On or about February 28, 2000, the Plaintiff submitted an application for naturalization (Form N-400) and the proper filing fee together with supporting documents to the Defendants.

9. On or about January 22, 2001, the Plaintiff appeared before an immigration officer for an interview in connection with the afore-mentioned application.

10. On June 7, 2001, the Plaintiff received a notice stating that she had to re-appear for an examination.

11. On October 10, 2002, U.S. Citizenship & Immigration Services (formerly the Bureau of Citizenship & Immigration Services) denied the Plaintiff's application based on the records of proceedings and references Section 318 of the Immigration and Nationality Act, 8 U.S.C. 1429, which states in part: ...No person shall be naturalized unless he or she has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this Act. The burden of proof shall be upon such person to show that he entered the United States lawfully, and the time, place,

manner of such entry into the United States, nut in presenting such proof he shall be entitled to the production of his immigrant visa, or of other entry document, if any, and of any other documents and records, not considered by the Attorney General to be confidential, pertaining to such entry.

12. On December 11, 2003, the Plaintiff filed (Form N-336) a request for a hearing on a decision on naturalization proceedings under Section 336 of the Immigration and Nationality Act, of the decision dated October 10, 2002 with the U.S. Citizenship & Immigration Services (formerly Bureau of Citizenship & Immigration Services, formerly the Immigration & Naturalization Service).

13. On December 15, 2004, the USCIS issued a decision in response to the Plaintiff's request for review of the original agency determination. The agency denied the Plaintiff's application for naturalization and its decision was based in whole or in part on an inaccurate understanding of the facts of the case, as evidenced in their written decision.

## PRAYER

10. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court:

    (a) Conduct a hearing de novo on the application;

    (b) Grant the Plaintiff's request for Naturalization as a U.S. Citizen; and

    (c) Granting such other relief at law and in equity as justice may require.

The Plaintiff,
By her Attorneys,

Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile (617) 5236-6324
dfitzgerald@fitzgeraldlawcompany.com
Bar No. 461613

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ILHAME AZZIZ

**DEFENDANTS**
MICHAEL CHERTOFF, ET AL,.

(b) County of Residence of First Listed Plaintiff: **NORFOLK**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**05-10751 NMG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 336 of the Immigration & Nationality Act

Brief description of cause:
De Novo review of a denial of application of naturalization

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE**: 04/14/2005
**SIGNATURE OF ATTORNEY OF RECORD**: Desmond F. FitzGerald

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Ilhame Azziz v. Michael Chertoff, et al**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   05-10751 NMG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [XX]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [XX]

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [XX]  NO [ ]

   A. If yes, in which division do **all** of the non-governmental parties reside?
      Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Desmond P. FitzGerald          FitzGerald & Company, LLC
ADDRESS  18 Tremont Street, Suite 210, Boston, MA 02108
TELEPHONE NO.  (617) 523-6320

(Coversheetlocal.wpd - 10/17/02)