UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ILHAME AZZIZ,  )<br>    Plaintiff  )<br>  )<br>V.  )<br>  )<br>  )<br>MICHAEL CHERTOFF, as Secretary of the Department  )<br>Homeland Security; EDUARDO AGUIRRE, as  )<br>Director of the U.S. Citizenship & Immigration  )<br>Services; DENIS C. RIORDAN, District Director  )<br>of the U.S. Citizenship & Immigration Services  )<br>for Boston, Massachusetts  )<br>    Defendants  )  | CIVIL ACTION FILE NO.<br>05-10751-NMG |

MEMORANDUM
IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT

NOW comes Ilhame Azziz, plaintiff by and through the undersigned counsel, and hereby requests this Honorable Court to deny the defendants' Motion for Summary Judgment based on the disputed facts mentioned below.

DISPUTED FACTS

In their Memorandum in Support of the Motion for Summary Judgment, the defendants' state that the plaintiff filed an Application for Naturalization (N-400) on February 28, 2000 with the Tampa District Office. According to their own exhibit, the plaintiff signed and dated the Application for Naturalization on February 2, 2000 and the Service received this application on February 15, 2000 at the USCIS Service Center in Texas (see defendants' Motion for Summary Judgment, Exhibit 1).

The defendants claim that the plaintiff failed to admit that she had a fourth child on her Application for Naturalization; however, the plaintiff's fourth child was born on February 9,

2000, seven days after she completed, signed, and mailed the Application for Naturalization. The plaintiff did not give false testimony in this instance and indeed, she listed all of her three children that she had at the time of application on the Application for Naturalization.

The defendants also claim that the plaintiff failed to admit that she had a fourth child during her interview for naturalization on January 21, 2000. It appears that the plaintiff did update her Application for Naturalization during the interview as her fourth child (Anis Chakir) is listed in Part 6, question 3 of the plaintiff's N-400 with a notation that appears in the record from the immigration official (see defendants' Motion for Summary Judgment, Exhibit 1).

Finally, the defendants claim that the plaintiff gave false testimony on an affidavit submitted in support of her Application for Naturalization because the plaintiff only admits to having three children. The affidavit is explicitly to counter the claims of the Service that the plaintiff entered into a false marriage with her first husband. She mentions the three children to whom she gave birth while she was still legally married to her first husband. She does not mention a fourth child because the child is not relevant to the argument she makes in that section; however, she never denies having a fourth child and she never states that she only has three children (see defendants' Motion for Summary Judgment, Exhibit 2). The omission of her fourth child does not constitute giving false testimony, as the defendants claim.

## LEGAL ARGUMENT

According to Federal Rules of Civil Procedure Rule 56, a Motion for Summary Judgment can be granted if and only if there is "no genuine issue as to any material fact." Because there is dispute of the central fact of when the plaintiff submitted her Application for Naturalization and because

2

this fact is material to the defendants' claim that the plaintiff gave false testimony, the Motion for Summary Judgment must be denied (USCS Federal Rules of Civil Procedure 56).

According to a 1st circuit ruling, for the purpose of summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion (*Ugurhan Akturk Kosereis v. Rhode Island*, 331 F.3d 207 (1st Cir. 2003)). The date on which the plaintiff filed the Application for Naturalization is disputed. The Application for Naturalization submitted by the plaintiff was clearly signed by the plaintiff on February 2, 2000. It was received by the Service on February 15, 2000 as indicated by a date stamp on the first page of said application and verified by a letter written by USCIS which states that the plaintiff filed her application on February 15, 2000 (see defendants' Motion for Summary Judgment, Exhibit 1 & 2). On the Application for Naturalization, the plaintiff listed her three children, but did not list the fourth child, Anis Chakir, because the child was not yet born when the plaintiff completed and signed the application. As the signature date on the application is February 2, 2000, we ask that the court infer that the Application for Naturalization was therefore mailed prior to the birth of the plaintiff's fourth child on February 9, 2000. Because her fourth child was not yet born at the time she completed and mailed the Application for Naturalization, the plaintiff did not give false testimony on said application.

The plaintiff's Application for Naturalization (see defendants' Motion for Summary Judgment, Exhibit 1) contains corrections and amendments that were made subsequent to the submission of said application. One such amendment is the addition of the plaintiff's fourth child, Anis Chakir. We ask that the court make the reasonable assumption that this amendment was made by the plaintiff during oral testimony to an immigration official. Because the plaintiff willfully provided

3

information about her fourth child to an immigration official, there is no reason for the court to believe that the plaintiff gave false testimony to USCIS at any point during the process for naturalization.

Finally, the defendants claim that the plaintiff willfully misrepresented the number of children to whom she had given birth on the affidavit that she submitted in support of the appeal of her naturalization case. Given the intent of the affidavit was to dispute a separate charge of fraud and not to testify to the number of children to which she had given birth and given that she mentions her three other children only to demonstrate why she had amended their birth certificates after her divorce, we ask that the court not view this as false testimony or failure to tell the truth. The plaintiff does not state the three children listed in the affidavit are her only children nor does she deny having a fourth child.

The plaintiff has demonstrated that she has not given false testimony on the Application for Naturalization, during the naturalization interview, nor on the affidavit. The defendants' claim that the plaintiff is a not person of good moral character is baseless. We ask that the court deny the Motion for Summary Judgment submitted by the defendants.

## CONCLUSION

WHEREFORE, the plaintiff respectfully requests that this Honorable Court deny the defendants Motion for Summary Judgment in light of the disputed facts in this case.

The Plaintiff,
By her Attorneys,


\_\_/s/ Desmond P. FitzGerald _____
Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile  (617) 5236-6324
dfitzgerald@fitzgeraldlawcompany.com
Bar No. 461613

CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2007, I electronically transmitted the attached document to the Court using the ECF System for filing. Based on the electronic records currently on file, a copy of the motion will be transmitted to the Attorney on record for the Defendants.

/s/Desmond P. FitzGerald

Desmond P. FitzGerald