UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ILHAME AZZIZ,<br>       Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, as<br>Secretary of the Department<br>of Homeland Security, et al.,<br>       Defendants. | Civil Docket No. 05-10751-NMG |

## RESPONSE TO THE PLAINTIFF'S MOTION TO
## EXCLUDE ADMINISTRATIVE FILE

The plaintiff's motion to exclude the Administrative Record from the underlying naturalization proceeding is without merit. Without a doubt, portions of the Administrative Record contain hearsay. However, the defendants' did not rely on any alleged hearsay to support its decision to deny the plaintiff's application for naturalization. As set forth in the defendants' Reply Brief in Support of Pending Motion for Summary Judgment (docket entry #13), the defendants relied on the plaintiff's inability to respond truthfully in <u>her</u> submissions during the application process. Docket Entry #13, p. 1. Based on these allegations, the defendants determined that the plaintiff's failure to tell the truth was clear evidence that she was not a person of good moral character under the law. <u>Id.</u> at 1-2. Consequently, the defendants denied the plaintiff's application for naturalization. <u>Id.</u> at 2.

The specific documents from the Administrative Record used

to support the defendants' denial of the plaintiff's application for naturalization are the following:

1.   The plaintiff's affidavit in support of her application for naturalization (AR-0053-0056, with attachments to her affidavit AR-0057-0081);[1] and,

2.   The plaintiff's Joint Petition to Remove the Conditional Basis of Alien's Permanent Resident Status, Form I-751 (AR-0096-0097) which she filed with her legal husband, Chris Gustafson.[2]

---

[1] In this affidavit, the plaintiff intentionally failed to mention that she had given birth to a fourth child, Anis Chakir, of which Abdelkouddous Chakir was also the biological father. The plaintiff's failure to mention her fourth child was an intentional omission to limit the possible line of questioning by the CIS Examiner regarding the legitimacy of her marriage to Chris Gustafson.

[2] On this joint petition, the plaintiff claimed that neither her husband, Chris Gustafson, nor herself had any children. AR-0097. This was contrary to the fact that the plaintiff had recently given birth to Waleed Chakir on December 14, 1995, the biological son of Abdelkouddous Chakir. AR-0054. This omission resulted in the approval of the plaintiff's Joint Petition to Remove the Conditional Basis of Alien's Permanent Resident Status on November 27, 1996, without further examination. AR-0096. Undoubtedly, if the CIS Examiner was aware that the plaintiff had given birth to a child and was pregnant with a second, both of whom were the biological children of an illegal immigrant from Morocco and were conceived while the plaintiff was "married" to Chris Gustafson, the plaintiff's petition would not have been approved without further investigation.
   In addition, the petition listed both the plaintiff and Gustafson as living at 1824 Shore Drive, S#117 South Pasadena, Florida. AR-0096. This was contrary to Gustafson's affidavit which stated that he was living and taking classes in Phoenix. AR-0081. It was also contrary to the plaintiff's own later filed affidavit which stated that, since their separation in 1995, Gustafson did not return to Florida until December 1996. AR-

These documents contain only information provided by the plaintiff during the application process and are not hearsay.

Consequently, this Court should not exclude the entire Administrative Record as suggested by the plaintiff.  If the plaintiff wants to exclude specific documents contained in the Administrative Record that contain hearsay, the defendants are prepared to participate in that exercise.  The defendants believe, however, that this exercise would be unnecessary as the specific allegations of dishonesty are contained in the documents filed by the plaintiff.  The defendants do not rely on any documents, other than those submitted by the plaintiff, to support its decision to deny the plaintiff's application for naturalization.

---

0054.  This situation would have also raised a red flag with the CIS Examiner and would have resulted in the plaintiff's petition not being approved without further investigation.

**CONCLUSION**

For the aforementioned reasons, the defendants respectfully request that this Court deny the plaintiff's motion to exclude the Administrative Record.  Furthermore, the defendants' renew their request that this Court grant summary judgment in the defendants' favor for the reasons set forth in the defendants' previously filed motion as the plaintiff's failure to tell the truth, under oath, on three separate occasions, is clear evidence that the plaintiff is not a person of good moral conduct.


                                        Respectfully submitted,

                                        UNITED STATES OF AMERICA
                                        By its attorney,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney


Dated: October 18, 2007   By:   /S/ Christopher R. Donato
                                Christopher R. Donato
                                Assistant U.S. Attorney
                                U.S. Attorney's Office
                                John Joseph Moakley Courthouse
                                1 Courthouse Way, Suite 9200
                                Boston, MA 02210
                                (617) 748-3303

**CERTIFICATE OF SERVICE**

I hereby certify that the above-document was filed through the ECF system electronically to any registered participants and a paper copy was sent by mail to those indicated as non-registered participants.

Dated: October 18, 2007         /S/ Christopher R. Donato
                                Christopher R. Donato
                                Assistant U.S. Attorney